IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DABBS, # N-94349,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00212-MJR |
| | ) |
| **JAMES FENOGLIO, MARC HODGE,** | ) |
| **DR. PHIL MARTIN, and** | ) |
| **WEXFORD HEALTH, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eighty-five year sentence for murder, among other convictions. His claims arose during his incarceration at Lawrence. Plaintiff claims that the four defendants, i.e., James Fenoglio (a doctor at Lawrence), Marc Hodge (Lawrence's warden), Phil Martin (Lawrence's health care administrator), and Wexford Health, Inc. (Lawrence's health care service provider), violated his constitutional rights by delaying treatment for his right shoulder injury (Doc. 1, p. 5). Plaintiff seeks compensatory damages (Doc. 1, p. 24).

Specifically, Plaintiff alleges that he tore his right bicep and shoulder tendon while working in Lawrence's kitchen on June 14, 2011 (Doc. 1, pp. 5, 8). He signed up for sick call the same day, but was not seen by medical staff until June 19th.[1] Defendant Fenoglio first met with Plaintiff on July 7th and referred him to an orthopedic specialist the same day. MRIs of

---

[1] All events set forth in this section occurred in 2011.

Plaintiff's right shoulder were completed on August 23rd and October 24th. Defendant Fenoglio reviewed the MRI results with Plaintiff on October 26th.

Plaintiff met with an orthopedic specialist on November 29th (Doc. 1, pp. 6, 14). After reviewing Plaintiff's MRI results, the specialist concluded that Plaintiff had sustained a right shoulder rotator cuff tear that was beyond repair (Doc. 1, p. 14). The specialist recommended no treatment of Plaintiff's shoulder, due to the risk of further injury. The specialist opined that the injury was permanent because Lawrence's medical staff "took too long to get [Plaintiff] treated" (Doc. 1, pp. 6, 8). When Defendant Fenoglio reviewed the orthopedic specialist's report with Plaintiff on December 1st, the specialist stated, "No one gets seen right away, not even on the streets" (Doc. 1, p. 6). Defendant Fenoglio told Plaintiff that he would undergo physical therapy; to date, Plaintiff has received none (Doc. 1, p. 8). Plaintiff now sues Defendants for negligence and for violating his constitutional right to receive adequate medical care.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable constitutional claim against Defendant Fenoglio for deliberate indifference to a serious medical need (Count 1).

However, Plaintiff has failed to state an actionable constitutional claim against any of the remaining defendants. Plaintiff lists Defendants Hodge and Martin among the defendants, but makes no allegations against any of them in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that the defendants are put on notice of the claims brought against them and so that they can properly answer the complaint.

*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In the case of those Defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that any of the above defendants is "personally responsible for the deprivation of a constitutional right," *id.*, and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. Accordingly, Defendants Hodge and Martin will be dismissed from this action without prejudice.

The same holds true for Defendant Wexford Health, Inc. Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Accordingly, Defendant Wexford Health, Inc. will also be dismissed from this action without prejudice.

As for Defendant Fenoglio, Plaintiff also raises a negligence, or "medical malpractice," claim, based on the same conduct detailed above (Count 2). A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from

a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[2] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However,

---

[2] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

4

whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit. Therefore, the claim in Count 2 is subject to dismissal. Plaintiff shall be allowed 60 days from the date of this order to file the required affidavit. Should Plaintiff fail to timely file the required affidavit, Count 2 shall be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2). Along with this motion, Plaintiff submitted an affidavit stating that he earns $19 per month, but has received no other income for the last twelve months and has no assets or cash on hand. Although Plaintiff has tendered a certified copy of his inmate trust fund account statement, this statement does not include financial information that is more recent than January 3, 2013. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from Lawrence, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of

5

the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Lawrence.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4). The motion is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below for the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

**Disposition**

**IT IS ORDERED** that as to the medical malpractice claim in **COUNT 2** against Defendant **FENOGLIO**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 60 days of the date of this order (or by May 21, 2013). Should Plaintiff fail to timely file the required affidavit, **COUNT 2** shall be dismissed without prejudice.

**DEFENDANTS HODGE, MARTIN,** and **WEXFORD HEALTH, INC.** are dismissed from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT FENOGLIO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment

as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate

Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 21, 2013**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**